No. 704

GORDON v. TERRILL et
No. 19918. Supreme Court
On motion to certify. Dock. June 23, 1926;
4 Abs. 404.

675. JUDGES—May a judge of a Common Pleas Court, assigned to a foreign county by the Chief Justice of the Supreme Court, under 1469 GC., render a decision and approve an entry in a county other than that to which he was assigned?

673. JOURNAL ENTRIES—Where a journal entry is approved by a judge of a Common Pleas Court and said entry is not filed until after the expiration of his term of office is said entry valid?

Elizabeth M. Gordon brought this action originally in the Cuyahoga Common Pleas against C. E. Terrill et al, for damages arising from alleged fraud in the sale of stock of the International Oil Corporation. Under Section 3 of Article 4 of the Ohio Constitution and 1469 GC., the Chief Justice of the Supreme Court assigned Judge Cameron, judge of the Common Pleas Court at that time of Union County to sit on the bench of the Common Pleas Court in Cuyahoga County.

Fifteen months after the cause was submitted to Judge Cameron and after his assignment to Cuyahoga County had terminated and he had returned to Union County, without a transcript, the court's stenographer having died, he decided the case against Gordon. Upon request of counsel, Judge Cameron made a finding of ultimate facts upon which he based his conclusion of law that judgment should be rendered for Terrill. Counsel for one of the defendants prepared this finding of fact which was embodied in the decision of the court, but was not submitted to counsel for plaintiff for approval and was submitted to counsel for defendant to Judge Cameron in Union County and signed by him a few days before the ex-

piration of his term of office. Counsel for defendants returned with it to Cleveland and did not file it until the day after Judge Cameron's term of office expired. The judgment was affirmed by the Court of Appeals.

Gordon in the Supreme Court contends:

1. That a judgment can only be rendered in the county in which said case was tried.

2. That the court speaks only from its journal entries and that judgment was therefore not rendered until the journal entry was filed and that therefore judgment was rendered after the ter mof office of the judge rendering the judgment had expired.

3. That the judgment is void and of no legal effect.

Attorneys—Day & Day and Wm. Gordon for Gordon; Holding, Duncan & Leckie, Cleveland, for Terrill et; all of Cleveland.

---

No. 705

BINZ v. DUSHA et
No. 19923. Supreme Court
On motion to certify. Dock. June 23, 1926;
4 Abs. 475.

114. ATTORNEY'S FEES—Where in the settlement of an estate an action to quiet title is filed and prosecuted and the court makes an allowance for attorney fees and the entry is approved and filed, may the Court of Appeals open and vacate after term the judgment and order on the apparent ground that the attorney fees were excessive and order the Common Pleas to fix an amount to be allowed as such fees?

This action was filed originally in the Lucas Common Pleas by Charles Binz against Ida Dusha and Louisa Frick in which it was sought to quiet title to effect a partition of the same. The Common Pleas quieted title and granted a partition and upon distribution of the proceeds of the sale of the property, Manton & Manton, attorneys for Binz were allowed a fee of $1200. The entry for this allowance was not submitted to opposing counsel and was submitted to a judge other than the one who made the docket entry for approval.

At a subsequent term of court Dusha & Frick filed a motion to modify the decree insofar as the attorney fees were concerned by virtue of 11634 GC., which motion was overruled.

The Court of Appeals opened the judgment in regard the attorney fees were concerned and directed the Common Pleas to modify the order insofar as it related to the allowance "and fixed the amount to be allowed if any".

Binz through his attorneys in the Supreme Court contend:

1. That the allowance of attorney fees is a discretionary matter and as such cannot justify the reversal of the order.

2. That the discretionary power of the court to allow fees cannot be interferred with unless this power is abused.

3. That there was no evidence to show an abuse of the court's discretion.

4. That the fees were reasonable.

Attorneys—J. L. Manton for Binz; L. P. Smith for Dusha et; both of Toledo.